UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LAZO-MARTINEZ (A# 216-974-137),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY,<br>Respondent. | No. 1:26-cv-06541 TLN SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The assigned District Judge referred the action to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1). ECF No. 4.

Petitioner is a citizen and native of Nicaragua who entered the United States without inspection on June 29, 2021. ECF No. 7-1 at 2. Petitioner turned himself in to Border Patrol and was released on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226 on July 13, 2021. ECF No. 1 at 6; ECF No. 7-4. While on release, Petitioner did not commit any crimes. ECF No. 7-2 at 3. He is not subject to an order of removal. Immigrations and Customs Enforcement ("ICE") agents detained Petitioner after a traffic stop on July 18, 2026, after mistaking him for another noncitizen who was the subject of their surveillance. Id. at 2-3. He is currently detained at the California City Immigration Processing Center within this judicial district. ECF No. 1 at 1.

The undersigned liberally construes the petition, which challenges Petitioner's arrest without notice or legal justification (i.e., no criminal record), ECF No. 1 at 6, as sounding in procedural due process. See Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (courts must "construe *pro se* habeas filings liberally"). Respondent maintains that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), but acknowledges that "Rodriguez Vazquez v. Bostock, 2026 WL 2196424 (9th Cir. July 30, 2026), holds that § 1226(a) governs Petitioner's detention because Petitioner entered the United States without inspection or parole, and was released on an order of his own recognizance." ECF No. 7 at 2. Respondent did not address the obvious due process implications of Petitioner's re-arrest.

Petitioner has a protected liberty interest in his continued release on recognizance. Kaur v. United States Dep't of Homeland Sec., 813 F. Supp. 3d 1167, 1175 (E.D. Cal. 2025) (citing Morrissey v. Brewer, 408 U.S. 471, 481 (1972)). Respondent does not dispute that Petitioner did not receive pre-deprivation process and does not assert any exigent circumstances for his re-arrest, such as a serious and recent criminal history or violations of the conditions of his release that show he may attempt to flee. Thus, upon consideration of the three factors set forth in Mathews v. Elderidge, 424 U.S. 319, 335 (1976), Petitioner's re-arrest constitutes a procedural due process violation. See Julio Fernando R.P. v. Andrews, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the Mathews factors and finding similarly).

In tailoring the remedy for this due process violation, the Court is mindful that federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Therefore, Petitioner is entitled to habeas relief in the form of immediate release from immigration detention.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner JOSE LAZO-MARTINEZ (A# 216-974-137) from custody and to return all of Petitioner's documents and

possessions at the time of release.

3. Respondent be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

a. Serve a copy of any release order on the California City Immigration Detention Facility; and,

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE