UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE L.M.,[1]

Petitioner,

v.

WARDEN, CALIFORNIA CITY,

Respondent.

No. 1:26-cv-6541-TLN-SCR

A# 216-974-137

**RELEASE ORDER**

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 26, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 8.) Respondent filed objections to the findings and recommendations. (ECF No. 9.)

The Court has considered and overrules Respondent's objections. First, Respondent

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

objects to the magistrate judge's finding that Respondent did not address the due process implications of Petitioner's re-arrest, but Respondent identifies no place in their responsive filing where they did address this issue. (*Id.* at 1.) Second, Respondent argues 8 U.S.C. § 1226(a) does not provide for a pre-deprivation hearing and is constitutional on its face, but the magistrate judge concluded that Petitioner's re-arrest without pre-deprivation process was unconstitutional based on an as-applied procedural due process analysis under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). (*Id.* at 2; ECF No. 8 at 2.) Finally, the Court accepts Respondent's clarification that Petitioner was not arrested because he was mistaken for another noncitizen but because the driver of his vehicle was under surveillance. (ECF No. 9 at 2.) However, as Respondent concedes, this fact is immaterial to the Court's ultimate decision. (*Id.*)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 8) are ADOPTED in full as set forth below.

2. Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondent is ordered to IMMEDIATELY RELEASE Petitioner Jose L.M. (A# 216-974-137) from custody and return all of Petitioner's documents and possessions at the time of release. Respondent shall file a **notice of compliance** with this provision of the Court's Order within **two (2) court days** from the date of this Order.

4. Respondent is ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to

detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

5. **The Clerk of Court is directed to serve a copy of any release order on the California City Immigration Detention Facility**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: September 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE